IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
MARY GOLD CABALUNA, T.T.,      )    CV 15-00112 LEK-RLP
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
SECRETARY OF HUMAN HEALTH      )
SERVICE, ET AL.,               )
                               )
          Defendants.          )
_____)
```

**ORDER STRIKING PROPOSED COMPLAINT FILED ON MAY 11, 2015**

On April 2, 2015, pro se Plaintiff Mary Gold Cabaluna ("Cabaluna") filed a "Letter of Complaint" ("Complaint") on behalf of her minor daughter, T.T. On April 30, 2015, this Court issued its Order Dismissing Complaint and Denying Application to Proceed in District Court Without Prepaying Fees or Costs ("4/30/15 Order"). [Dkt. no. 5.] In the 4/30/15 Order, this Court concluded that, because there is no indication that Cabaluna is an attorney licensed to practice in this district, she cannot bring claims pro se on behalf of T.T. This Court therefore dismissed the Complaint, but gave T.T. leave to file an amended complaint through a licensed attorney. [Id. at 6-7.]

On May 11, 2015, Cabaluna filed a document titled "Amended Complaint," which this Court construes as her "Proposed Complaint," on behalf of herself and T.T. [Dkt. no. 13.] Cabaluna also submitted a letter dated May 11, 2015, which this Court has construed as an Errata to the Proposed Complaint.

[Errata, filed 5/14/15 (dkt. no. 16); EO, filed 5/19/15 (dkt. no. 15) (construing letter as an errata).]

As this Court ruled in the 4/30/15 Order, Cabaluna cannot litigate claims on behalf of T.T. Further, while Cabaluna can assert her own claims pro se, the Proposed Complaint fails to state any plausible claims for relief. The Court therefore DENIES Cabaluna leave to file the Proposed Complaint and HEREBY STRIKES it from the docket.

## BACKGROUND

As noted in the 4/30/15 Order, Cabaluna has another case pending in this district court, Cabaluna v. Vanderford, et al., CV 14-00480 LEK-RLP ("CV 14-480"). The remaining claims in CV 14-480 are: Cabaluna's claim pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, against the State of Hawai`i ("the State") and "Federal housing Mayor rights" ("Mayor Wright"); and her harassment claim against Vincent Vanderford. See, e.g., CV 14-480, Court Order Regarding Plaintiff's Letter Dated April 7, 2015, filed 4/10/15 (dkt. no. 39), at 1. The operative pleading in CV 14-480 is the Amended Complaint, which Cabaluna filed on November 7, 2014 [dkt. nos. 5, 5-1]. See 4/30/14 Order at 1-2.

The 4/30/15 Order also noted that Cabaluna apparently filed the instant case on behalf of T.T. after the magistrate judge denied Cabaluna leave to add T.T. as a plaintiff in CV 14-

480.  Further, the factual allegations in the original Complaint were similar to the factual allegations that are pending, or were previously raised, in CV 14-480.  See id. at 3.

The Proposed Complaint consists of: 1) a caption page; 2) three letters - one of which is corrected by the Errata - in which Cabaluna recounts the incidents that are the basis of the Proposed Complaint; and 3) various supporting documents regarding those incidents.  The caption page suggests that both Cabaluna and T.T. are the plaintiffs, but it does not identify any defendant.  The letters and the supporting documents refer to various individuals and entities, but do not clearly identify any of those as a defendant in this case.

Like the original Complaint in this case, the Proposed Complaint includes factual allegations that are similar to the factual allegations that are pending, or were previously raised and rejected, in CV 14-480.  These include: Vanderford and his family harassed Cabaluna since 2010; Cabaluna experienced other problems at Mayor Wright; Cabaluna and T.T. suffer various health problems as a result of being subjected to unknown medical experiments; Queen's Medical Center failed to render appropriate care when they sought treatment for those health problems; and T.T. was subjected to unauthorized medical treatment while at school.  In addition, Cabaluna raises other issues, including: concerns about the Affordable Care Act; a state court proceeding

3

in which she sought (but was denied) a temporary restraining order ("TRO") against Governor David Ige and Mayor Kirk Caldwell because they failed to address complaints that she has raised since 2012; concerns about genetic research at Emory University; and an acknowledgment of a school policy regarding T.T.'s use of digital devices that Cabaluna apparently refused to sign.

## DISCUSSION

### I. Cabaluna as a Party

The Proposed Complaint indicates that Cabaluna wishes to be added as a plaintiff in this case. That request is GRANTED, and this Court notes that Cabaluna has a statutory right to represent herself pro se. See 28 U.S.C. § 1654.

#### A. Claims in the Proposed Complaint

This Court must liberally construe Cabaluna's pleadings because she is proceeding pro se. See, e.g., Watson v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Even if this Court construes Cabaluna's allegations in the Proposed Complaint liberally, it cannot discern either what claims she is asserting or against whom she is asserting them. This Court therefore CONCLUDES that any claim Cabaluna is attempting to allege in the Proposed Complaint does not state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).

4

Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citations omitted)).

**B.    Leave to Amend**

Because this Court is unable to discern what claims Cabaluna is attempting to allege in the Proposed Complaint, this Court cannot provide her with notice of how to cure the deficiencies in these claims.  At the same time, this Court cannot say that it is "absolutely clear that no amendment can cure the defect."  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  This Court therefore GRANTS Cabaluna leave to file an amended complaint in this case.

However, this Court provides the following analysis in order to provide guidance to Cabaluna regarding claims that she may have attempted to allege in the Proposed Complaint.

1)   If Cabaluna alleges claims that are duplicative of her claims in CV 14-480, those claims must be dismissed with prejudice - *i.e.*, without permission to amend - if: a) the proposed claims and relief sought are the same in this case as in CV 14-480; and b) the parties in the two cases are the same.  See Bennett-Bagorio v. City & Cnty. of Honolulu, Civil No. 13-00071 DKW-KSC, 2014 WL 296860, at *5-11 (D. Hawai`i Jan. 24, 2014) (dismissing a complaint with prejudice because "the two-part test to find a duplicative complaint," was satisifed (applying the analysis set forth in Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007))).[1]

2)   Under the doctrine established by Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-46 (1923), and D.C. Court of Appeals

---

[1] Adams was overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).  See, e.g., Phillips v. Salt River Police Dep't, 586 F. App'x 381 (9th Cir. 2014).

5

v. Feldman, 460 U.S. 462, 482-86 (1983) ("the Rooker-Feldman doctrine"), this Court does not have jurisdiction to hear a case that effectively seeks appellate review of a state court's decision. See Baker v. Hawaii, 977 F. Supp. 2d 1026, 1034 (D. Hawai`i 2013) (describing the Rooker-Feldman doctrine). Cabaluna therefore cannot assert a claim that the state court should have granted her request for a TRO against Governor Ige and Mayor Caldwell.

## II. Claims on Behalf of T.T.

In the Proposed Complaint, Cabaluna continues to attempt to bring claims on behalf of T.T. For the same reasons set forth in the 4/30/15 Order, this Court CONCLUDES that Cabaluna cannot bring claims on behalf of T.T. See 4/30/15 Order at 5-7. Insofar as the claims on behalf of T.T. are not properly before this Court, it will not address the merits of those claims. Because this Court finds that it is arguably possible for T.T. to bring claims, through a licensed attorney, based on at least some of the facts that Cabaluna alleges in the Proposed Complaint, this Court grants T.T. leave to file an amended complaint in this case through a licensed attorney.

## III. Submission of Amended Complaint

This Court ORDERS that any amended complaint in this case must be filed by **June 26, 2015**. This Court emphasizes that T.T. may only file an amended complaint through counsel. This Court CAUTIONS Cabaluna and T.T. that, if they fail to file an amended complaint by **June 26, 2015**, this Court will issue an order dismissing this case with prejudice and directing the

Clerk's Office to close the case.

This Court also CAUTIONS Cabaluna that, if she files an amended complaint which includes claims that are duplicative of claims in CV 14-480, or claims which this Court cannot consider under the Rooker-Feldman doctrine, those claims will be dismissed with prejudice.

## CONCLUSION

Cabaluna's Proposed Complaint continues to raise claims on T.T's behalf, contrary to this Court's ruling that T.T. can only bring claims through a licensed attorney. Further, to the extent that Cabaluna attempts to allege her own claims in the Proposed Complaint, those claims fail to state a claim upon which relief can be granted. This Court therefore DENIES Cabaluna leave to file the Proposed Complaint and STRIKES it from the record.

This Court GRANTS Cabaluna and T.T. leave to file an amended complaint by **June 26, 2015**, according to the terms set forth in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 26, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARY GOLD CABALUNA, T.T. VS. SECRETARY OF HUMAN HEALTH SERVICE, ET AL; CIVIL 15-00112 LEK-RLP; ORDER STRIKING PROPOSED COMPLAINT FILED ON MAY 11, 2015**